United States District Court
Southern District of Texas
**ENTERED**
November 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **CRIMINAL NO. 2:15-308-1** | |
| § | | |
| **LIONICIO ALEGRIA,** § | | |
| Defendant. § | | |
| § | | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Lionicio Alegria's letter motion to be transferred to home confinement due to the current COVID-19 pandemic. D.E. 153. For the reasons stated herein, his motion is **DENIED**.

## I. BACKGROUND

In 2015, Defendant pled guilty to conspiracy to transport undocumented aliens. He has served approximately 59 months (66%) of his 90-month sentence and has a projected release date, after good time credit, of April 28, 2022. Citing the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, Defendant now moves the Court to order his early release to home confinement because his age (62) and underlying medical condition (moderate asthma) make him particularly vulnerable to severe illness should he contract COVID-19 in prison.

## II. LEGAL STANDARD

In a March 26, 2020 Memorandum, Attorney General William Barr directed the Bureau of Prisons (BOP) Director to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." March 26, 2020 Memo from the Attorney General, *Prioritization of*

1

*Home Confinement as Appropriate in Response to COVID-19 Pandemic*, available at https://www.justice.gov/coronavirus/DOJresponse (last visited 11/23/2020). The March 26 directive was limited to *eligible* "at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *Id.*

On March 27, 2020, the CARES Act was signed into law. Pre-CARES Act, the Bureau of Prisons (BOP) was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

General Barr issued another Memorandum on April 3, 2020, "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, available at https://www.justice.gov/coronavirus/DOJresponse (last visited 11/23/2020). General Barr directed the BOP Director to review all inmates with COVID-19 risk factors— not only those who were previously eligible for home confinement—starting with inmates incarcerated at facilities where COVID-19 is materially affecting operations. *Id.* All at-risk

inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id.*

### III. ANALYSIS

While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B). Defendant's initial remedy to challenge this determination is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Defendant is currently incarcerated at FCI Bastrop, which is located in the Western District of Texas. Thus, assuming Defendant remains incarcerated in Bastrop, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

To the extent Defendant seeks a sentence reduction, he should file a motion pursuant to 18 U.S.C. § 3582(c) in this Court, also after first exhausting his administrative remedies.

### IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion for transfer to home confinement (D.E. 153) is **DENIED**.

So **ORDERED** on this 30th day of November 2020.

                                                                                      _____
                                                                                      NELVA GONZALES RAMOS
                                                                                      UNITED STATES DISTRICT JUDGE